RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 18 / 12
                   *signature*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GREGORY ANDERSON COUTEE | CIVIL ACTION NO. 11-409 |
| VERSUS | JUDGE TRIMBLE |
| WARDEN, LOUISIANA STATE PENITENTIARY | MAGISTRATE JUDGE KIRK |

## O R D E R

Before the court is a motion by petitioner to stay his notice of appeal and/or for relief under Fed. R. Civ. P. 60(b).[1]  Petitioner has complied with the prior order of this court instructing him to file evidence of the timeliness of his objections into the record in this case.[2] Specifically, petitioner produced the receipt showing that he delivered his objections to the Classification Officer for his unit, who in turn forwarded the objections to the court.[3]  As asserted by petitioner, the delivery of his objections to the officer tasked with mailing such documents on the due date assigned by the court is sufficient to prove timeliness under the circumstances of this case.  Accordingly, the court finds that petitioner's objections were timely filed and should have been considered by the court prior to issuance of judgment in this matter.

The court has carefully reviewed petitioner's objections and finds them to be without merit.  Specifically, the court rejects petitioner's argument that the evidence before the court demonstrates that the victim did not believe petitioner to have been armed with a weapon prior to petitioner's acts of theft as required by La. R.S. 14:64.1.  As quoted in the report and

---

[1] R. 12.
[2] R. 15.
[3] R. 16 at p. 5.

1

recommendation at issue, the Louisiana Third Circuit Court of Appeal wrote that, following the victim's observation of petitioner reaching behind his back and retrieving what he believed to be some sort of weapon, petitioner "took [plaintiff's] wallet and checkbook from his pocket and some cash that was on his desk."[4]  Thus, the court clearly found that a theft occurred after such time as the victim observed what he believed to be a weapon in petitioner's possession.  Thus, petitioner's objection based on the necessary elements of La. R.S. 14:64.1 is without merit.

The court similarly rejects petitioner's objections regarding the magistrate judge's findings as to the trial court's denial of his motion to suppress inculpatory statements to the police.  Petitioner argues that a physician's medical report rendered after his treatment at the hospital prove that he was so intoxicated that his statements to police were not made knowingly and voluntarily.  Petitioner also argues that police testimony at trial was insufficient to prove that he did make inculpatory statements knowingly and voluntarily.

The court has reviewed the record and finds, as did the magistrate judge, that there was sufficient evidence before the trial court to support its denial of petitioner's motion to suppress.  Although it may have eventually been established, via the physician's report, that petitioner was intoxicated at the time he voluntarily offered inculpatory statements, as noted by the magistrate judge, this evidence does not demonstrate that the belief of the officers that petitioner was not severely intoxicated at the time of his arrest was unreasonable.  Moreover, it does not demonstrate the degree to which petitioner actually was intoxicated at the time of his arrest or that petitioner was intoxicated to the point that his inculpatory statements were rendered involuntarily or unknowingly.  Although statements made by an arrestee may be deemed involuntary when the arrestee is so intoxicated that his "will was overborne," the mere fact that a suspect has become voluntarily intoxicated is not enough to render his inculpatory statements to

---

[4] R. 9 at p. 5.

police involuntary.[5]   Accordingly, we find petitioner's objections regarding his inculpatory statements to be without merit.

Petitioner next objects to the magistrate judge's rejection of his allegation of ineffective assistance of counsel.  While petitioner vacates his prior argument as to the legality of the search of the stolen vehicle at issue, he reurges the argument that the physician's medical report, showing "rhabdomyolysis secondary to cocaine" demonstrates that the officers who testified at his trial perjured themselves by testifying that they did not believe him to be "in distress" at the time of his arrest.  The court rejects this argument and states, again, that the physician's report, rendered after the arrest in question, does not demonstrate that the officers could not have reasonably believed that he was not "in distress" at the time of the arrest.  Thus, we find petitioner's objection regarding perjured testimony to be without merit, noting that petitioner fails to demonstrate perjured testimony was rendered in this matter.

Finally, petitioner argues that, when considered together, the trial errors pointed out by plaintiff have the cumulative effect of denying petitioner the "fundamental fairness" to which he was entitled at trial.  As expressed above, this court has carefully reviewed the entire record in this matter, including petitioner's objections, and finds that petitioner fails to demonstrate that the trial court committed any such errors.  Accordingly, it is hereby

**ORDERED** that this court's prior judgment adopting the report and recommendation of the magistrate judge in full and, thereby, denying and dismissing petitioner's habeas corpus petition with prejudice shall stand as issued, **but shall be considered effective, for purposes of appeal, as of the date of issuance of this order.**

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this _18th_ day of September, 2012.

---

[5] Townsend v. Sain, 372 U.S. 293 (1963).

3

_____
**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**